# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JEFFREY GARDNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 14-2406-KHV** |
| **UNIFIED GOVERNMENT OF** ) | |
| **WYANDOTTE COUNTY/** ) | |
| **KANSAS CITY, KANSAS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion To Alter Or Amend Judgment (Doc. #178) filed October 27, 2014, and Defendants' Motion To Strike Plaintiff's Reply To Defendants' Response In Opposition To Plaintiff's Memorandum In Support Of Motion To Alter Or Amend Judgment (Doc. #193), filed December 19, 2014.  For the reasons set forth below, the Court overrules both motions.

## I.   Factual And Procedural Background

Jeffrey Gardner brings suit against the Unified Government of Wyandotte County/Kansas City, Kansas and Rick Armstrong, James Brown, Kevin Steele, Terry Ziegler, Greg Lawson, Curtis Nicholson and Michael York in their official and individual capacities.  Gardner alleges that defendants violated his constitutional rights and committed various torts when they conducted a sting operation.  See Pretrial Order (Doc. #63) entered December 12, 2013; Complaint (Doc. #1) filed December 22, 2011.[1]  Another officer involved in the sting operation,

_____

[1]       The Complaint, originally filed in Case No. 11-2699, also asserted claims on behalf of Mark Gambrill, Trung Hoang and Michael Mills against additional individuals in their
(continued…)

Patrick Callahan, also filed suit and asserted similar claims against many of the same defendants. See Callahan v. Unified Gov't of Wyandotte Cnty. & Kan. City, Kan., No. 11-cv-2621-KHV.

On December 13, 2013, one week before the dispositive motion deadline, defendants filed motions to exceed the 30-page limitation imposed by D. Kan. R. 7.1(e) and the pretrial order here and in Callahan.[2]   See, e.g., Defendants' Motion To Exceed The Thirty Page Limitation Of Its Memorandum In Support Of Motion For Summary Judgment (Doc. #66).  The Court sustained the motions, ruling that each defendant could file one brief with an argument section not to exceed 40 pages.[3]  See Order (Doc. #67) entered December 16, 2013.

On December 20, 2013, the individual defendants filed joint motions for summary judgment in each case.  See, e.g., Defendants Rick Armstrong, James Brown, Greg Lawson, Curtis Nicholson, Kevin Steele, Michael York & Terry Zeigler's Motion For Summary Judgment (Doc. #71).   Among other things, the motions sought summary judgment on the issue of qualified immunity.

On July 25, 2014, in Callahan, the Court denied summary judgment on the issue of qualified immunity and struck the remaining summary judgment briefs.  The Court noted that the

---

( . . . continued)
individual and official capacities.  See Complaint (Doc. #1).  Plaintiffs' claims are now severed into separate cases, and plaintiffs dismissed all claims against those additional defendants.  See, e.g., Stipulation For Dismissal Of Certain Defendants And/Or Claims With Prejudice (Doc. #53) (filed by Gardner); Order (Doc. #164) entered August 19, 2014.

[2]        Defendants filed motions to exceed the page limits in two related cases as well. See Pittman v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan., No. 12-cv-2010-KHV; Hammons v. Unified Gov't of Wyandotte Cnty. & Kan. City, Kan., No. 12-cv-2028-KHV.  All four cases had been consolidated for purposes of discovery.  See Order (Doc. #26) entered on March 7, 2012 in Callahan; Initial Order Regarding Planning And Scheduling (Doc. #28) entered on March 30, 2012 in Callahan.

[3]        In their motions, defendants did not seek a specific number of pages.

record raised genuine issues of material fact whether defendants had arrested Callahan and if so, whether they had probable cause to do so; thus, genuine issues of material fact prevented the Court from granting summary judgment to defendants on the issue of qualified immunity.[4] Order (Doc. #450), in Callahan.  The Court noted that the summary judgment briefs in general (including the briefs with respect to qualified immunity) did not comply with D. Kan. Rule 56.1. That rule requires that briefs in support of a motion for summary judgment begin with a section that contains a "concise" statement of material facts.  Id.  The Court explained defendants' failure to comply as follows:

> [M]any of the factual statements run in excess of half a page (some statements are multiple pages) and they incorporate multiple sources of deposition testimony, exhibits, etc.  In response, by necessity, plaintiffs' responses are anything but "concise."  The result is an intractable mass (i.e. mess) which is (1) disproportionate to the simplicity of the claims which are presented in this case; and (2) disproportionate to the resources which the Court can devote to the resolution of these summary judgment motions.

Id.

The day that the Court entered this order in Callahan, it entered an order to show cause why those rulings should not apply to the corresponding proceedings in Gardner's case.  Order To Show Cause (Doc. #159) entered July 25, 2014.  Specifically, the Court ordered the parties to show why the Court should not deny defendants' motion for summary judgment on the issue of

---

[4]       When defendants assert a qualified immunity defense at the summary judgment stage, the burden shifts to plaintiff to show that defendants violated a constitutional right and that the law was clearly established at the time of the alleged violation.  Vondrak v. City of Las Cruces, 535 F.3d 1198, 1204 (10th Cir. 2008).  To satisfy this burden, plaintiff must show that when viewed in the light most favorable to plaintiff, the record establishes that defendants violated a constitutional right and that the right was clearly established at the time of the alleged violation.  See Olsen v. Layton Hills Mall, 312 F.3d 1304, 1312 (10th Cir. 2002) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).  If plaintiff does so, the burden shifts back to defendants to prove that no genuine issues of material fact exist and that defendants are entitled to judgment as a matter of law.  See id.  If the record shows an unresolved issue of fact relevant to the qualified immunity analysis, the Court must deny the motion for summary judgment.  See id.

qualified immunity and strike the balance of the summary judgment motions.  See id.  Gardner

did not respond to that order.  Defendants responded by requesting that "in the interest of

justice," the Court not do so.  Defendants stated as follows:

> [T]he ruling in Callahan on the issue of qualified immunity is not equally applicable to the case at bar.  The facts relating to each individual Defendants' [sic] interactions with the named Plaintiffs in this case differ from those presented in the Callahan motion.  Therefore, a unique consideration of those facts relevant to qualified immunity is required in this case.

See Defendants' Response To Order To Show Cause (Doc. #163) filed August 1, 2014 at 3.

Defendants' response did not identify any specific factual differences between Callahan's case,

however, and that of Gardner.  No party filed a reply.

On August 8, 2014, defendants in Callahan sought reconsideration of the order denying

them summary judgment on the issue of qualified immunity and striking the balance of their

summary judgment motions.[5]  Again, to "prevent manifest injustice," they asked the Court to

"reach the merits" of the issues raised.  More specifically, defendants argued that they were

"entitled" to a "full analysis" of qualified immunity before trial and that as a matter of law, they

had probable cause to arrest plaintiff or reasonable suspicion to detain him.  Defendants also

argued that the Court had abused its discretion in striking their motions under D. Kan. Rule 56.1.

On September 9, 2014, the Court overruled the motion for reconsideration in Callahan.[6]  See

Memorandum And Order (Doc. #464).

---

[5]    See Defendants' Motion For Reconsideration Of Order Denying Their Motions For Summary Judgment (Doc. #457) in Callahan.

[6]    In overruling the motion for reconsideration, the Court first reiterated that defendants' briefs did not comply with Fed. R. Civ. P. 56, D. Kan. R. 56.1 and D. Kan. R. 7.1.  It also noted that defendants had violated court orders regarding page limits by massive incorporation of other briefs, and "completely confounded any effort to establish the facts on any kind of reasonable timetable."  See Memorandum And Order (Doc. #464) at 6-7.  It found that
(continued…)

On October 2, 2014, the Court entered similar rulings in <u>Gardner</u>.  Specifically, the Court overruled defendants' motion for summary judgment on the issue of qualified immunity and struck the balance of their summary judgment motions.  <u>See</u> <u>Order</u> (Doc. #170).  The Court explained as follows:

> Other than broadly stating that they exist, defendants have failed to identify any factual differences between the individual defendants' treatment of Callahan and [Gardner].  Nor have defendants convincingly stated how the pending motions' briefing differed from that filed in <u>Callahan</u>.  Although they argue that their briefing in <u>Callahan</u> did not violate the Federal Rules of Civil Procedure and District of Kansas Local Rules, defendants have failed to show that the briefing on their pending motions is different.

<u>Id.</u>  In so ordering, the Court also cited reasons articulated in other orders in <u>Callahan</u>.  <u>See</u> <u>id.</u>

On October 22, 2014, the individual defendants in <u>Gardner</u> appealed the denial of summary judgment on the issue of qualified immunity.  <u>See</u> <u>Notice Of Appeal</u> (Doc. #175).  On October 27, 2014, Gardner filed <u>Plaintiff's Motion To Alter Or Amend Judgment</u> (Doc. #178).[7] On December 19, 2014, defendants filed <u>Defendants' Motion To Strike Plaintiff's Reply To Defendants' Response In Opposition To Plaintiff's Memorandum In Support Of Motion To Alter Or Amend Judgment</u> (Doc. #193).

---

( . . . continued)
defendants would not suffer manifest injustice without additional analysis of the facts surrounding the issue of qualified immunity, because the law was clearly established and Callahan had shown a genuine issue of material fact whether the individual defendants violated his constitutional rights.  <u>See</u> <u>id.</u> at 8.  In that regard, the Court briefly explained in further detail the factual basis for its decision.  <u>See</u> <u>id.</u> at 8-11.

By the time the Court overruled defendants' motion for reconsideration, defendants had appealed the denial of summary judgment on the issue of qualified immunity.  <u>See</u> <u>Notice Of Appeal</u> (Doc. #459) filed August 22, 2014 in <u>Callahan</u>.  That appeal remains pending.

[7]      On November 6, 2014, the Tenth Circuit abated the appeal pending the Court's order on this motion.  <u>See</u> <u>Order</u> (Doc. #181).

## II. Analysis

A. <u>Plaintiff's Motion To Alter Or Amend Judgment</u>

Plaintiff asks the Court to amend the order dated October 2, 2014 by adding "specific factual findings" regarding the denial of summary on the issue of qualified immunity. <u>Plaintiff's Motion To Alter Or Amend Judgment</u> (Doc. #178) at 1. Plaintiff states that the purpose of his motion is to "allow the Court an opportunity to make findings of fact specific to Plaintiff and each of the Defendants in this case to permit meaningful appellate review."[8] Plaintiff wants the Court to do this, and to provide further analysis so that its rationale for denying summary judgment on the issue of qualified immunity is clear to the Tenth Circuit Court of Appeals. <u>Plaintiff's Reply</u> (Doc. #192) at 26. Defendants oppose the motion and argue that (1) plaintiff did not respond to the Court's order to show cause why such an order should not be entered; (2) plaintiff's motion exceeds the five-page limit imposed in the order to show cause; (3) plaintiff's motion is the functional equivalent of a dispositive motion filed after the summary judgment deadline; and (4) plaintiff's motion provides an incomplete and unsupported recitation of the facts.

Plaintiff's motion to alter or amend the judgment is curious, because he clearly prevailed on the summary judgment rulings and will not suffer manifest injustice if those rulings stand undisturbed. Defendants' opposition to plaintiff's motion is also curious. On the one hand, defendants are asking the Tenth Circuit to remand the qualified immunity issue for analysis of facts particular to each defendant and plaintiff. On the other hand, they vigorously oppose

---

[8]     See <u>Plaintiff's Reply To Defendants' Response In Opposition To Plaintiff's Memorandum In Support Of Motion To Alter Or Amend Judgment</u> ("<u>Plaintiff's Reply</u>") (Doc. #192) filed December 8, 2014, at 26.

plaintiff's request that prior to remand, the Court analyze the facts particular to each defendant and plaintiff.

Under Fed. R. Civ. P. 59(e), the Court has discretion to reconsider a final decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  Such a motion is appropriate when the Court has misapprehended a party's position, the facts or the controlling law, or the Court has "mistakenly decided issues outside of those the parties presented for determination."  In re Sunflower Racing, Inc., 223 B.R. 222, 223 (D. Kan. 1998) (citing Anderson v. United Auto Workers, 738 F. Supp. 441, 442 (D. Kan. 1990)); see also Cincinnati Ins. Co. v. Wal-Mart Stores, Inc., No. 05-2074-CM, 2006 WL 2522513, *2 (D. Kan. Aug. 25, 2006) (to avoid inconsistent result among similarly situated defendants, granting Rule 59(e) motion to amend default judgment until claims against remaining defendants determined on merits); A.H. ex rel. Hohe v. Knowledge Learning Corp., No. 09-2517-DJW, 2011 WL 2731757, *2 (D. Kan. July 13, 2011) (granting reconsideration of order overruling summary judgment on issue of punitive damages when no underlying claim would support such award).

Rule 59(e) does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.  Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996); Servants of Paraclete, 204 F.3d at 1012 (not appropriate to advance arguments that could have been raised in prior briefing).  A party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to reconsider.  Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp.2d

1130, 1132 (D. Kan. 2005).  Whether to grant a motion for reconsideration is committed to the court's discretion.  See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988).

Plaintiff does not point to an intervening change in controlling law or proffer evidence that through the exercise of due diligence, he could not have previously presented.  Thus, amendment under Rule 59(e) is only appropriate if necessary to correct clear error or prevent manifest injustice.

The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."  Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc., 259 F.3d 1226, 1235 (10th Cir. 2001).  Courts within this circuit have described it as "the definite and firm conviction that a mistake has been committed based on the entire evidence or that a particular fact determination lacks any basis in the record."  Goodnow v. Okla. Dep't of Human Servs., No. 11-CV-54-GKF-FHM, 2012 WL 984084, at *3 (N.D. Okla. Mar. 22, 2012).  Although the Tenth Circuit has not precisely defined "manifest injustice" within the context of Rule 59(e), the term is described within this district as "direct, obvious, and observable error."  Tri-State Truck Ins., Ltd. V. First Nat'l Bank of Wamego, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (quoting Black's Law Dictionary 1048 (9th ed. 2009) and citing Brynberg v. Ivanhoe Energy, Inc., No. 08-cv-2528, 2010 WL 2802649 (D. Colo. 2010)).  Where reconsideration is sought to prevent manifest injustice, the moving party can only prevail if he demonstrates injustice that is "indisputable."  Id. (quoting Shirlington Limousine & Transp., Inc. v. United States, 78 Fed. Cl. 27, 31 (2007)).

Here, the issues are (1) whether the Court clearly erred in overruling defendants' motions for summary judgment on the issue of qualified immunity and striking the remaining summary judgment motions and (2) whether plaintiff will suffer manifest injustice if the Court does not

provide further analysis to help the Tenth Circuit on appeal.  Both questions must be answered in the negative.

In their summary judgment briefs, the parties clearly violated the letter and the spirit of D. Kan. Rule 56.1.  The Court allowed defendants to file individual briefs in excess of the 30-page limit set by D. Kan. Rule 7.1(e), with the expectation that additional pages of argument would allow defendants to address summary judgment issues that were specific to each plaintiff and each individual defendant.  Instead of doing so, the individual defendants chose to file a joint brief which incorporated briefs that did not address the standards relevant to a qualified immunity analysis.  Defendants also aggregated the facts and arguments of multiple parties, including Gardner.  In other words, defendants did not advance a particularized analysis for each plaintiff and each defendant.  Furthermore, the record in Callahan (poorly developed as it was) revealed a glaring factual dispute whether Callahan had been "arrested" and if so, whether defendants had probable cause to arrest him.  For those reasons, the Court overruled defendants' motions for summary judgment on the issue of qualified immunity and struck the remaining summary judgment briefs in Callahan.[9]  Before it made the same ruling as to Gardner, the Court gave the parties an opportunity to object.  In response to the order to show cause, the parties could have pointed to factual differences between the qualified immunity briefing in Callahan and the qualified immunity briefing in Gardner, or the merits of the qualified immunity analysis in Callahan as opposed to Gardner.  Defendants broadly responded that factual differences existed and that a particularized inquiry was necessary – but they did not cite a record which was sufficient to support such an analysis.  And, as noted, plaintiff did not respond at all.

---

[9]    Under similar facts, the Tenth Circuit recently held that the Hon. Eric F. Melgren did not err in striking evidence that failed to comply with D. Kan. Rule 56.1.  Certain Underwriters At Lloyd's London v. Garmin Int'l, Inc., 781 F.3d 1226, 1231 (10th Cir. 2015).

In briefing the present motions, the parties provide belated analysis of the factual similarities and differences between Callahan and Gardner. Their analysis appears to be based on facts that were buried in – but are freshly resurrected from – the summary judgment record. As noted, Rule 59(e) does not permit parties to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. See Brown, 101 F.3d at 1332. Furthermore, plaintiff's failure to present his strongest case in the first instance does not entitle him to a second or third chance in the form of a motion to reconsider. Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp.2d 1130, 1132 (D. Kan. 2005); Stapleton v. Saint Francis Hosp., Inc., No. 10-CV-0806-CVE-FHM, 2011 WL 5837071, at *2 (N.D. Okla. Nov. 21, 2011) (quoting Syntroleum Corp. v. Fletcher Int'l, No. 08-CV-384-JFP-FHM, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009)) (Rule 59(e) motion designed to permit relief in extraordinary circumstances, not to offer second bite at proverbial apple); cf. Cook v. Cent. Utah Corr. Facility, 446 F. App'x 134, 135 (10th Cir. Dec. 13, 2011) (no clear error dismissing case for failure to respond to order to show cause; time to make argument was in response to that order).

Plaintiff has failed to demonstrate clear error or manifest injustice.[10] See Ngiendo v. Soc. Sec. Admin., 547 Fed. App'x 913, 914 (10th Cir. 2013). The relevant rulings are pending before the Tenth Circuit Court of Appeals – which has not requested further findings from this Court or

---

[10]      Manifest injustice could result, for example, where a pro se prisoner's civil rights claims are dismissed because of a procedural error beyond his control, or injury to innocent third parties would otherwise result. See Lewis v. Suthers, No. 09-cv-02521-ZLW, 2010 WL 537822 (D. Colo. Feb. 12, 2010); Delta Ltd. v. U.S. Customs & Border Prot. Bureau, 393 F. Supp.2d 15, 17 (D.D.C. 2005); see also Paalan v. Nickels, 203 F.3d 835 (Table), 2000 WL 177416, at *1 n.1 (10th Cir. 2000) (although plaintiff could have brought argument before motion to reconsider, remand was necessary to prevent manifest injustice to military inmate plaintiff asserting he was a civilian at time of his injuries, and therefore his claims were not prohibited by Federal Tort Claims Act). No such circumstances are present here.

indicated that it needs assistance in resolving the appeal.  Any further analysis by this Court would be superfluous, and plaintiff's motion is therefore overruled.

B.  Motion To Strike

Defendants assert that the reply brief in support of plaintiff's motion to alter or amend inappropriately assumes certain facts to be true and does not properly cite the factual record.  It does not appear that plaintiff has proffered new evidence; rather, plaintiff appears to cite the summary judgment record to support his response to defendants' legal arguments.  In declining to alter or amend the judgment, however, the Court does not rely on such citations.  Accordingly, defendants' motion to strike is moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Alter Or Amend Judgment (Doc. #178), filed October 27, 2014, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion To Strike Plaintiff's Reply To Defendants' Response In Opposition To Plaintiff's Memorandum In Support Of Motion To Alter Or Amend Judgment (Doc. #193), filed December 19, 2014, be and hereby is **OVERRULED as moot**.

Dated this 2nd day of June, 2015, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge