UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY GARDNER,                        )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )   Case No. 14-2406
                                        )
UNIFIED GOVERNMENT OF WYANDOTTE         )
COUNTY/KANSAS CITY, KANSAS, et al.,     )
                                        )
            Defendants.                 )

## ORDER SETTING TRIAL-RELATED DEADLINES

As discussed during the pretrial conference on March 31, 2016, this case is set for a trial to begin on **August 17, 2016, at 9:30 a.m.** With input from counsel, the court now enters this order to govern various pretrial matters.[1]

**1.     Final Witness and Exhibit Disclosures Under Rule 26(a)(3).** The parties' final witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A) must be filed by **July 5, 2016**. The disclosures shall be separated into three categories: (1) highly likely to be used, (2) might be used if the need arises, and (3) only to be used in rebuttal if necessary. With regard to each witness disclosed under Fed. R. Civ. P. 26(a)(3)(A)(i), the disclosures also must set forth the subject matter of the expected testimony. Any witnesses presently expected to testify at trial only via deposition must be so designated. Any witnesses expected to testify as experts must be so designated.

---

[1] By setting forth trial-related deadlines in this order, the court is modifying paragraph 9 of the pretrial order which suggested that the court would convene another pretrial conference to discuss such deadlines.

Witnesses and exhibits disclosed by one party may be called or offered by any other party.  Witnesses and exhibits not so disclosed and exchanged as required by the court's order will not be permitted to testify or be received in evidence, respectively, except by agreement of counsel or upon order of the court.  The parties should bear in mind that seldom should anything be included in the final Rule 26(a)(3)(A) disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

      **2.**    **Objections to Final Witness and Exhibit Disclosures.**  The parties must file any objections under Fed. R. Civ. P. 26(a)(3)(B) no later than **July 12, 2016**.  The court will deem waived any objection not timely asserted, unless excused by the court for good cause shown.

      **3.**    **Marking and Exchange of Exhibits.**  All exhibits must be marked by **August 3, 2016**.  The parties must exchange copies of exhibits at or before the time they are marked.  The parties must also prepare lists of their expected exhibits for use by the courtroom deputy clerk and the court reporter.  In marking their exhibits, the parties must use pre-assigned ranges of numbered exhibits.  Exhibit Nos. 1-1000 are reserved for plaintiff; Exhibit Nos. 1001-2000 are reserved for defendants.  Each exhibit that the parties <u>expect</u> to offer must be marked with an exhibit sticker, placed in a three-ring notebook, and tabbed with a numbered tab that corresponds to the exhibit number.

4.     **Designations of Deposition Testimony.**

Consistent with Fed. R. Civ. P. 26(a)(3)(A)(ii), any deposition testimony sought to be offered by a party, other than to impeach a testifying witness, must be designated by page and line and filed by **July 5, 2016**.  Any counter-designation in accordance with Fed. R. Civ. P. 32(a)(6), and any objections to the designations made by the offering party, must be filed by **July 18, 2016**.  Any objections to counter-designations must be filed by **July 25, 2016**.  To avoid cumulative testimony and resultant jury boredom (and also to avoid having the court devote inordinate time to ruling on objections), the court strongly encourages counsel to be highly selective in designating and counter-designating deposition testimony, and also highly selective about asserting objections.  In any event, <u>before</u> filing <u>any</u> objections, counsel must have conferred in good faith to resolve the dispute among themselves.  By **August 1, 2016**, to facilitate the court's ruling on any objections to designations or counter-designations, the party seeking to offer the deposition testimony must provide Judge Vratil a copy of each deposition transcript at issue.  Each such transcript must be marked with different colored highlighting (pink to identify testimony plaintiff has designated, blue for defendants, and green for any objections).  After receiving and reviewing these highlighted transcripts, the court will issue its rulings regarding any objections.  And after the court issues its rulings on the objections to testimony to be presented by videotape or DVD, the court will set a deadline for the parties to submit the videotape or DVD edited to reflect the designations and the court's rulings on objections.  The parties must then file the portions of the depositions to be used at trial in accordance with D. Kan. Rule 32.1.

**5.     Motions in Limine.**  An agreed limine order already has been filed (ECF doc. 433).  All contested motions in limine must be filed by **July 15, 2016**.  Briefs in opposition to such motions must be filed by **July 22, 2016**.  Reply briefs, if any, must be filed by **July 29, 2016**.  The parties' principal briefs with regard to such motions must be limited to four double-spaced pages, with any reply briefs limited to two pages.

**6.     Jury Instructions.**

i.     Proposed jury instructions must be filed by **August 3, 2016**.  Objections to any proposed instructions must be filed by **August 10, 2016**.

ii.     Requests for proposed jury instructions must be submitted in compliance with Fed. R. Civ. P. 51 and D. Kan. Rule 51.1.  Under D. Kan. Rule 51.1, the parties and the attorneys have the **<u>joint</u>** responsibility to attempt to submit <u>one</u> agreed set of preliminary and final instructions that specifically focuses on the parties' factual contentions and the controverted essential elements of their claims and defenses and any other instructions unique to this case.  If the parties file separate sets of proposed jury instructions without meeting this requirement, the court probably will strike those filings immediately.  In the event of disagreement, each party must submit its own proposed instructions with a brief explanation, including legal authority as to why its proposed instruction is appropriate, or why its opponent's proposed instruction is inappropriate, or both.  Stock jury instructions, e.g., concerning the jury's deliberations, the evaluation of witnesses' credibility, etc., need not be submitted.

iii.     Counsel should proceed mindful that the court is generally disinclined to give the jury any preliminary instructions on substantive law unless the

parties agree on the form and content of such instructions.  So, to avoid jury confusion, the court strongly encourages counsel to meaningfully confer and try to reach agreement on such instructions, especially given the expected length of this trial.

       iv.    In addition to filing the proposed jury instructions, the parties must submit their proposed instructions (formatted in Word or WordPerfect) as an attachment to an e-mail sent to Judge Vratil's chambers.

**7.**    **Limine and Status Conference.**  The court will conduct a limine and status conference in Courtroom 476 on **August 17, 2016, at 8:30 a.m.**  Although the court might decide motions in limine before this conference, it's possible the court might invite oral argument on certain issues.

**8.**    **Settlement.**  Because of constraints on the judiciary's budget for the compensation of jurors, if the court is not notified of a settlement by **August 15, 2016**, the costs of jury fees and expenses will be assessed to the parties, or any of them, as the court may order.  *See* D. Kan. Rule 40.3.

**9.**    **Other.**  All other deadlines previously set by the court remain unchanged.

IT IS SO ORDERED.

Dated April 25, 2016, at Kansas City, Kansas.

        s/ Kathryn H,. Vratil
       Kathryn H. Vratil
       U.S. District Judge

        s/ James P. O'Hara
       James P. O'Hara
       U.S. Magistrate Judge