## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY GARDNER,                 ) | |
|               ) | |
|        **Plaintiff,**     ) | |
|               ) | **CIVIL ACTION** |
| v.                 ) | |
|               ) | **No. 14-2406-KHV** |
| UNIFIED GOVERNMENT OF WYANDOTTE   ) | |
| COUNTY/KANSAS CITY, KANSAS, et al.,   ) | |
|               ) | |
|      **Defendants.**     ) | |
| _____) | |

### MEMORANDUM AND ORDER

Jeffrey Gardner brings suit against the Unified Government of Wyandotte County/Kansas City, Kansas, Rick Armstrong, James Brown, Greg Lawson, Curtis Nicholson, Kevin Steele, Michael York and Terry Zeigler. Plaintiff's claims arise from a reverse sting operation which the Kansas City Kansas Police Department conducted on January 4, 2011 to determine whether police officers on its tactical squad, i.e. the "SCORE unit," were engaging in theft during the execution of search warrants. Plaintiff, a member of the SCORE unit, alleges that following the sting operation, defendants unlawfully arrested and/or detained him. More specifically, under 42 U.S.C. § 1983 and state law, plaintiff asserts claims for unlawful arrest and detention, assault, battery, false arrest and imprisonment, aiding and abetting, failure to train and failure to supervise. A jury trial is scheduled to begin on August 17, 2016. This matter is before the Court on plaintiff's <u>Motion For Leave To File Out Of Time</u> (Doc. #241) filed July 29, 2016, <u>Plaintiff's Motion In Limine</u> (Doc. #230) filed July 14, 2016 and <u>Defendants' Motion In Limine</u> (Doc. #233) filed July 15, 2016. For reasons stated below, the Court allows plaintiff leave to file a response out of time and sustains in part the motions in limine.

## Legal Standards

In ruling on the parties' motions in limine, the Court applies the following standard:

> The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded. At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial only means that the court cannot decide admissibility outside the context of trial. A ruling in limine does not relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial.

BHC Dev., LC v. Bally Gaming, Inc., No. 12-2393-JPO, 2014 WL 524665, at *7 (D. Kan. Feb. 10, 2014) (further citations omitted).

## Analysis

### I.     Plaintiff's Motion For Leave To File Response (Doc. #241)

Plaintiff seeks leave to file out of time a response to defendants' motion in limine. See Motion For Leave To File Out Of Time (Doc. #241). Defendants filed their motion in limine on July 15, 2016. See Doc. #233. Pursuant to the Court's order setting trial-related deadlines, plaintiff's response was due on July 22, 2016. See Order Setting Trial-Related Deadlines (Doc. #219) filed April 25, 2016 at 4.[1] Seven days after the deadline, i.e. on July 29, 2016, plaintiff filed his motion seeking leave to file a response out of time. Pursuant to D. Kan. Rule 6.1, a party must file a motion for extension of time before the specified time expires and absent a showing of excusable neglect, the Court will not grant extensions requested after the specified time expires.

---

[1]     The order set July 29, 2016 as the deadline for defendants to file a reply brief. See Order Setting Trial-Related Deadlines (Doc. #219) at 4.

D. Kan. Rule 6.1(a).[2]

Here, plaintiff did not request an extension of time before the specified time to respond expired.  Thus, he must show excusable neglect.  See id.  Excusable neglect is a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993).  The determination whether neglect is excusable is at bottom an equitable one which requires the Court to consider all relevant circumstances including (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether movant acted in good faith.  Id. at 395; Bishop v. Corsentino, 371 F.3d 1203, 1206-07 (10th Cir. 2004).

Plaintiff states that counsel inadvertently misread a grid of deadlines and misinterpreted the deadline for reply briefs as the deadline for opposition briefs.  See Motion For Leave To File Out Of Time (Doc. #241) at 1.  Ordinarily, mistakes by counsel do not constitute excusable neglect.  See, e.g., Self v. Lansing Unified Sch. Dist. No. 469, No. 13-2487-KHV, 2014 WL 6678632, at *1

---

[2]    Rule 6.1(a) states, in part, as follows:

All motions for an extension of time to perform an act required or allowed to be done within a specified time must show:
> (1) whether there has been prior consultation with other parties and the views of other parties;
> (2) the date when the act was first due;
> (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and
> (4) the cause for the requested extension.

Parties must file the motion before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires.

D. Kan. Rule 6.1(a).

(D. Kan. Nov. 25, 2014) (citing Pioneer Inv., 507 U.S. at 392).   In this case, however, the circumstances weigh in favor of allowing plaintiff leave to file his response out of time.   In particular, defendants' motion in limine raises issues which are nearly identical to those which the Court has addressed in related cases, see, e.g., Defendants' Motion In Limine (Doc. #512) filed April 29, 2016 in Case No. 11-2621-KHV (Callahan) and Defendants' Motion In Limine (Doc. #189) filed June 13, 2016 in Case No. 12-2010-JPO (Pittman), and the delay will not unduly prejudice defendants or the judicial proceedings.   In addition, although the reason for the delay was entirely within counsel's control, the record does not suggest that plaintiff acted in bad faith.   Accordingly, the Court will sustain plaintiff's motion.   On or before **August 10, 2016**, plaintiff may file his proposed response.

## II.   Defendants' Motion In Limine (Doc. #233)

As noted, in their motion in limine, defendants raise substantially the same issues which they previously raised in related cases.   In particular, seven of nine categories of evidence which defendants seek to exclude are identical to categories of evidence which defendants sought to exclude in Callahan (11-2621-KHV) and eight of nine categories are identical to those raised in Pittman (12-2010-JPO). Regarding these overlapping categories of evidence, as set forth below, the Court adopts the rulings made in Callahan (11-2621-KHV) and Pittman (12-2010-JPO).[3] Defendant's motion raises one category of evidence which appears to be new in this case, i.e. plaintiff's arbitration, arbitration transcript and arbitration decision.   See Defendants' Motion In

---

[3]       In Callahan, the Court ruled on defendants' motion at the status conference on May 19, 2016.   In Pittman, Magistrate Judge James P. O'Hara issued a written ruling on defendants' motion.   See Order In Limine (Doc. #220) filed June 28, 2016.   Judge O'Hara's written order follows substantially the same rulings which the Court made at the status conference in Callahan.

Limine (Doc. #233) filed July 15, 2016 ¶ 4.  The Court will defer ruling on this issue until after defendants have had a chance to reply.  On or before **noon on August 15, 2016**, defendants may file a reply regarding their motion to exclude evidence regarding plaintiff's arbitration, arbitration transcript and arbitration decision.  As to remaining categories of evidence which defendants seek to exclude, the Court adopts the rulings made in <u>Callahan</u> and/or <u>Pittman</u> as follows:

      1.    <u>Other SCORE Officers' Alleged Damages Or Psychological Injuries</u>

Overruled.  <u>See</u> <u>Order In Limine</u> (Doc. #220) in Case No. 12-2010-JPO at 7.

      2.    <u>Witness Officers' Legal Opinions Or Speculation</u>

Overruled in part.  Officers may testify as to their understanding of their legal obligations and recollection as to why they did what they did given their understanding of the law.  Officers may not give expert-like opinion testimony based on hypothetical questions.  <u>See</u> <u>id.</u> at 7-8.

      3.    <u>Alleged Employment Claims For Violations Of Collective Bargaining Agreement</u>

Overruled as moot.  Plaintiff does not seek damages based on violation of the collective bargaining agreement.  <u>See</u> <u>Plaintiff's Brief In Opposition To Defendants' Motion In Limine</u> (Doc. #241-1) filed July 29, 2016 at 2-3; <u>see also</u> <u>Order In Limine</u> (Doc. #220) in Case No. 12-2010-JPO at 9.

      4.    <u>Allegations Of Unrelated Misconduct By Police Commanders</u>

Overruled as moot.  <u>See</u> <u>Plaintiff's Brief In Opposition To Defendants' Motion In Limine</u> (Doc. #241-1) filed July 29, 2016 at 3; <u>see also</u> <u>Order In Limine</u> (Doc. #220) filed in Case No. 12-2010-JPO at 9.

5.      Hearsay Testimony And Rumors With Regard To COMSTAT Meetings, Roll Calls, or In-Service Meetings

Overruled as moot.  See Plaintiff's Brief In Opposition To Defendants' Motion In Limine (Doc. #241-1) filed July 29, 2016 at 4; see also Order In Limine (Doc. #220) in No. 12-2010-JPO at 9.

6.      Opinion Testimony About Armstrong's Reputation And Honesty

Overruled as moot.  See Plaintiff's Brief In Opposition To Defendants' Motion In Limine (Doc. #241-1) filed July 29, 2016 at 4; see also Order In Limine (Doc. #220) in No. 12-2010-JPO at 9.

7.      Reference To Medical Statements, Comments, or Opinions Made To A Witness By Plaintiff's Healthcare Provider Or By A Witness To Plaintiff's Healthcare Provider

Overruled as moot.  See Plaintiff's Brief In Opposition To Defendants' Motion In Limine (Doc. #241-1) filed July 29, 2016 at 4; see also Order In Limine (Doc. #220) in No. 12-2010-JPO at 9.

8.      Testimony Of Plaintiff's Healthcare Provider Should Be Limited To Personal Observations Made During His Treatment Of Plaintiff

Overruled in part.  Plaintiff's healthcare provider may testify regarding his treatment of plaintiff and the reasons for that treatment (causation).  See Order In Limine (Doc. #220) in No. 12-2010-JPO at 10.

## III.    Plaintiff's Motion In Limine (Doc. #233)

The briefing on plaintiff's motion in limine is confusing.  Plaintiff's motion and reply brief identify and discuss ten categories of evidence, while his memorandum in support of the motion addresses seven categories of evidence, many of which are worded differently and presented in a different order than those presented in the motion and reply.  See Plaintiff's Motion In Limine

(Doc. #230) filed July 14, 2015; Amended Memorandum In Support Of Plaintiff's Motion In Limine (Doc. #232) filed July 14, 2015; Plaintiffs' Reply Brief To Defendants' Brief In Opposition To Plaintiff's Motion In Limine (Doc. #240) filed July 28, 2016.  Moreover, plaintiff does not discuss many issues in sufficient depth or detail to support a ruling in advance of trial.  Plaintiff's memorandum in support of his motion in limine addresses the following categories of evidence:

1.     Criminal Conduct By Other Officers, Unresolved Criminal Complaints, Prior IA Investigations, Claims Of Prior Domestic Violence, And Other Character Evidence Pursuant to Federal Rules 401, 402 And 403

Plaintiff seeks to exclude evidence regarding allegations of theft during search warrants executed by the SCORE unit.  See Amended Memorandum In Support Of Plaintiff's Motion In Limine (Doc. #232) at 1.  Plaintiff will stipulate that defendants had a reasonable basis to conduct the sting operation and argues that any additional evidence on the subject is unnecessary and unduly prejudicial.  See id.  In Pittman, Judge O'Hara found that evidence of alleged criminal acts during the SCORE unit's execution of search warrants is relevant to the background of the sting operation, the manner in which the sting operation was executed and SCORE members were detained, and defendants' states of mind.  See Order In Limine (Doc. #220) in Case No. 12-2010 at 3-4.  In Gambrill (No. 11-2699), this Court asked the parties to prepare a stipulation which informed the jury of all facts which it needed to know regarding why defendants conducted a sting operation.  The Court requests that on or before **August 15, 2016**, the parties prepare and file a similar stipulation in this case.  In the context of trial, the Court will decide whether to admit additional evidence on the matter.

Plaintiff seeks to exclude evidence regarding past internal affairs investigations in 2005, 2009 and 2011 regarding conduct by plaintiff.  See Amended Memorandum In Support Of Plaintiff's

Motion In Limine (Doc. #232) at 1-2.  Plaintiff asserts that the investigations are remote in time and are therefore irrelevant.  See id.  Defendants assert that such evidence is relevant regarding plaintiff's prior experience with internal affairs, his knowledge of the internal affairs process and his claim of unlawful detention.  The Court addressed a similar motion in Callahan (11-2621-KHV). See Plaintiff's Motion In Limine (Doc. #510) in No. 11-2621-KHV ¶ 3.  There, the Court found that it would tentatively overrule plaintiff's motion, but that it would limit evidence at trial to the fact that plaintiff had participated in prior internal affairs proceedings and not allow evidence regarding the subject matter or outcome of the proceedings.[4]  The Court adopts the same ruling here and will further refine the ruling in the context of the evidence at trial.

Plaintiff seeks to exclude exhibits regarding commendations of defendants on grounds that they constitute inadmissible character evidence.  See Amended Memorandum In Support Of Plaintiff's Motion In Limine (Doc. #232) at 2.  Defendants summarily respond that their personnel files, including commendations received, "simply do not constitute improper character evidence." Defendants' Brief In Opposition To Plaintiff's Motion In Limine (Doc. #238) at 1-2.  Based on the trials in Callahan (11-2621-KHV) and Gambrill (11-2699), the Court preliminarily finds that defendants' personnel files, including commendations, are not relevant to the matters at hand. Accordingly, the Court sustains plaintiff's motion.

### 2.   Criminal Acts Not Committed By Gardner And Evidence Of Alleged Criminal Conduct Developed After Arrest Of Gardner And Other SCORE Officers

Plaintiff seeks to exclude evidence regarding criminal acts which he did not commit and evidence of alleged criminal conduct which defendants developed after they took plaintiff and other

---

[4]   The Court made its ruling at the status conference on May 19, 2016.  An official transcript is not available at this time.

SCORE officers into custody.  See Amended Memorandum In Support Of Plaintiff's Motion In Limine (Doc. #232) at 2.  Plaintiff provides no factual or legal discussion in support of his motion. See id.  In Pittman (12-2010-JPO), Judge O'Hara found that such evidence was probative to the matters at hand.  See Order In Limine (Doc. #220) in No. 12-2010-JPO at 4-5.  On this record, plaintiffs have not shown that the Court should exclude such evidence.

        3.    Hearsay

Plaintiff asserts that defendants' witness and exhibit list includes numerous documents which contain inadmissible hearsay.  See Amended Memorandum In Support Of Plaintiff's Motion In Limine (Doc. #232) at 2-3.  Plaintiff does not provide sufficient information for the Court to rule in advance of trial.  Accordingly, the Court overrules plaintiff's motion on this ground.  In the context of trial, the Court will rule on timely objections regarding hearsay.

        4.    Opinion Evidence By District Attorney Gorman Or Attorneys From United States Attorney's Office

Plaintiff seeks to exclude opinion evidence by Jerome Gorman, Wyandotte County District Attorney, and attorneys from the U.S. Attorney's Office, on grounds that all legal instruction should come from the Court.  See Amended Memorandum In Support Of Plaintiff's Motion In Limine (Doc. #232) at 3.  Defendants assert that such evidence is directly relevant to defendants' state of mind, motive, intent, willfulness and practices.  In Callahan (11-2621-KHV) and Gambrill (11-2699-KHV) the Court allowed Gorman to testify regarding his involvement in the case, including his opinion and advice to defendants as to whether they had probable cause to arrest SCORE officers. Subject to revisiting the matter as necessary in trial, the Court will operate under the same principles in this case.

5.      Testimony By Dustin Sillings

Plaintiff seeks to exclude testimony by Dustin Sillings because during his deposition, he refused to answer questions and claimed Fifth Amendment privilege.  See Amended Memorandum In Support Of Plaintiff's Motion In Limine (Doc. #232) at 3-4.  Plaintiff provides no information regarding the identity of Sillings, how his testimony might be relevant or the matters to which he asserted Fifth Amendment privilege.  See id.  On this record, plaintiff has not shown that the Court should exclude testimony by Sillings.

6.      Any Mention Of A Miranda Warning Or Gardner Exercising His Miranda Rights

Plaintiff seeks to exclude evidence whether defendants gave him a Miranda warning and/or that he invoked his rights under Miranda to be silent and to have an attorney.  See Amended Memorandum In Support Of Plaintiff's Motion In Limine (Doc. #232) at 4.  Plaintiff asserts that such evidence is irrelevant and unduly prejudicial, but he provides no factual or legal support for his assertions.  See id.  Defendants assert that they initially did not arrest plaintiff, but that they subsequently arrested him following statements by Officers Forest, Bell and Sillings.  See Defendants' Brief In Opposition To Plaintiff's Motion In Limine (Doc. #238) at 5.  Defendants contend that the fact that they gave plaintiff Miranda warnings is relevant to their conduct regarding the underlying investigation in the case.  Defendants do not respond to plaintiff's motion with regard to the fact that he exercised his rights to be silent and have an attorney.  Preliminarily, it appears that the fact that defendants gave plaintiff a Miranda warning would be relevant to plaintiff's claims of unlawful detention and whether and when defendants arrested him.  It is less clear whether or how the fact that plaintiff exercised his rights under Miranda would be relevant.  At this time, however, the record is not sufficiently developed for the Court to rule on plaintiff's motion.

7.    <u>Reports Or Testimony Regarding The Administration Of Or Results From Computerized Voice Stress Analysis ("CVSA") tests</u>

Plaintiff seeks to exclude evidence regarding computerized voice stress analysis ("CVSA") testing on grounds that it is similar to polygraph testing which is inadmissible under Tenth Circuit law.  <u>See</u> <u>Amended Memorandum In Support Of Plaintiff's Motion In Limine</u> (Doc. #232) at 4 (citing <u>United States v. Cali</u>, 129 F.3d 1402 (10th Cir. 1997).  Defendants respond that they intend to introduce evidence regarding one CVSA test administered to James Clayborn – not to prove truthfulness of the test results, but solely to establish defendants' state of mind and intent to investigate and identify the reliability of allegations which led to conducting the integrity test.  <u>See</u> <u>Defendants' Brief In Opposition To Plaintiff's Motion In Limine</u> (Doc. #238) at 3.  In <u>Pittman</u>, Judge O'Hara found that evidence of the CVSA test administered to Clayborn would be relevant to establish the reasons why defendants conducted the sting operation.  <u>See</u> <u>Order In Limine</u> (Doc. #220) filed in Case No. 12-2010-JPO at 5-6.  Because plaintiff has agreed to stipulate that defendants had a reasonable basis to conduct the sting operation, <u>see</u> <u>Amended Memorandum In Support Of Plaintiff's Motion In Limine</u> (Doc. #232) at 1, it appears that evidence regarding the CVSA test would be cumulative and unnecessary.  Accordingly, the Court preliminarily sustains plaintiff's motion.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion For Leave To File Out Of Time</u> (Doc. #241) filed July 29, 2016 be and hereby is **SUSTAINED**.  On or before **August 10, 2016**, plaintiff may file his proposed response.  On or before **noon on August 15, 2016**, defendants may file a reply to plaintiff's response regarding their motion to exclude evidence regarding plaintiff's arbitration, arbitration transcript and arbitration decision.

**IT IS FURTHER ORDERED** that <u>Defendants' Motion In Limine</u> (Doc. #233) filed

-11-

July 15, 2016 be and hereby is **SUSTAINED in part**.  Officers may not give expert-like opinion testimony based on hypothetical questions, and plaintiff's healthcare provider may testify regarding his treatment of plaintiff and the reason for that treatment (causation).  The Court defers ruling on defendants' motion to exclude evidence regarding plaintiff's arbitration, arbitration transcript and arbitration decision.  Defendants' motion is otherwise overruled subject to the Court revisiting the matters in the context of trial, if necessary.

IT IS FURTHER ORDERED that Plaintiff's Motion In Limine (Doc. #230) filed July 14, 2016 be and hereby is **SUSTAINED in part**.  The Court sustains plaintiff's motion as to (1) defendants' personnel files, including any commendations received; and (2) evidence regarding computerized voice stress analysis ("CVSA") testing.  Plaintiff's motion is otherwise overruled subject to the Court revisiting the matters in the context of trial, if necessary.

IT IS FURTHER ORDERED that in light of the above rulings, the in limine conference set on August 17, 2016 at 8:30 a.m. is **CANCELLED**.  The jury trial shall begin at **9:30 a.m. on August 17, 2016.**

IT IS FURTHER ORDERED that on or before **August 15, 2016**, parties shall file a stipulation regarding facts which will inform the jury why defendants conducted the sting operation on January 4, 2011.

Dated this 9th day of August, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge